(89 South. 876)

No. 24359.

Succession of PAGE.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

Taxation ⊜〰863(1)—Bank account of nonresident decedent is taxable as being "physically" in the state.

The inheritance tax statute (Act No. 51 of 1918, § 1), providing a tax on all personal property "physically" in the state, includes a bank account in Louisiana of a nonresident decedent, "physically" not being the equivalent of "corporeally."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Physical.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of Geronimo Page. Appeal from a judgment sustaining an inheritance tax. Affirmed, at appellant's costs.

Hall, Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellants.

Edward Rightor and Harry P. Gamble, both of New Orleans, for appellee.

O'NIELL, J. The question presented in this case is whether a bank account in Louisiana, of a nonresident decedent, is subject to the inheritance tax, under Act 51 of 1918, § 1, amending section 2 of Act 42 of 1912, which was an amendment and reenactment of section 2 of Act 109 of 1906. The appeal is from a judgment sustaining the tax.

Appellants rely upon the new paragraph in the amending statute of 1918, viz.:

"But said tax shall be imposed on all personal property physically in the state of Louisiana, whether owned by a resident or nonresident, and whether inherited under the law of this state or of any other state or country; and said tax shall be imposed on all personal property owned by residents of the state of Louisiana, wherever situated; unless in any or all such cases such property shall be included in the exemptions above set forth in paragraphs (a), (b), and (c)."

It is conceded that the bank accounts in question are not included in any of the exemptions set forth in paragraphs (a), (b) and (c) of the statute. Appellants' contention is that a deposit of money in bank, being merely a credit, or incorporeal property, is not "physically in the state of Louisiana." Of course if the Legislature intended that the word "physically" should mean "corporeally," and that the tax should not be imposed upon an inheritance of other personal property, bank accounts would be exempt from the tax. But it is certain that the Legislature did not intend to exempt credits, or incorporeal property. The new paragraph in the amending statute is not a statement of what personal property shall be excluded from the tax. It is a statement of what personal property shall be included. The expression "physically in the state of Louisiana" means "actually in the state of Louisiana," as distinguished from personal property that is only constructively or fictitiously here, under the doctrine mobilia sequuntur personam. The idea of the Legislature was to include all personal property that the state could reach, in levying the inheritance tax, except, of course, what was enumerated in paragraphs (a), (b) and (c) of the statute. The first section of

the amended statute imposes the tax upon inheritances of all kinds of property. The second section contains three exceptions. And the new paragraph does not make, and was not intended to make, any further exception. We are not disposed to give the amendment of the law a meaning which we are sure the Legislature did not intend it should have, merely because the language used is not as precise in its meaning as it might be.

The judgment appealed from is affirmed, at appellants' cost.